UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                 Honorable Sean F. Cox

Dwayne Lewis,                         Criminal Case No. 13-20076

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

This matter is currently before the Court on a Motion to Withdraw Guilty Plea filed by Defendant Dwayne Lewis. The parties have briefed the issues and the Court heard oral argument on May 17, 2013. For the reasons that follow, the Court concludes that Defendant has not established a fair and just reason to withdraw his guilty plea and the Court shall therefore deny his motion.

## BACKGROUND

On March 1, 2013, Defendant Dwayne Lewis ("Defendant") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Counts One and Two of the Information, which both charge Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

This Court accepted Defendant's guilty plea on March 1, 2013. Before doing so, however, this Court engaged in a lengthy colloquy with Defendant. (*See* 3/1/13 Tr.). Defendant stated, under oath and on the record, that he wished to plead guilty to Counts One and Two of the Information. (*Id*. at 1). After asking Defendant to answer several questions regarding his

1

competency to plead guilty, this Court determined that Defendant was competent to plead guilty. (*Id*. at 2-3). The Court then advised Defendant of the charges against him, as well as the sentencing consequences of those charges. (*Id.* at 5). Defendant confirmed that he understood the charges as well as the sentencing consequences of the charges, that he had discussed the same with his attorney, and that he had no questions regarding the charges or the sentencing consequences of the charges. (*Id*.). The Court then reviewed the Rule 11 Agreement with Defendant and Defendant confirmed that his attorney had answered each and every question he had regarding anything contained in the Rule 11 Agreement. (*Id*. at 6-7). Defendant also confirmed that he was satisfied with the advice and service his attorney had provided to him in this case. (*Id*.). This Court advised Defendant of the rights he would be giving up by pleading guilty and Defendant indicated that, understanding those rights, he still wished to plead guilty to Counts One and Two of the Information. (*Id*. at 8). Defendant provided a factual basis for his guilty plea and later stated on the record that he was voluntarily pleading guilty and that no one had coerced him to do so:

> THE COURT: Mr. Lewis, apart from what is contained in the Rule 11 Agreement which you have in front of you which we have just reviewed, have you been promised by this court which is me the judge, the attorney for the government or your attorney that you would be put on probation or receive any other specific sentence in return for pleading guilty to Count One and Count Two?
> DEFENDANT LEWIS: No your Honor.
> . . . .
> THE COURT: Has anyone tried to force you to plead guilty by any mistreatment or pressure?
> DEFENDANT LEWIS: No Your Honor.
> THE COURT: Are you pleading guilty freely and voluntarily because you are guilty and it is your choice to plead guilty to Count One and Count Two?
> DEFENDANT LEWIS: Yes, Your Honor.
> . . . .
> THE COURT: And again, Mr. Lewis is it your decision or choice to plead guilty

> to Count One?
> DEFENDANT LEWIS: Yes, Your Honor.
> THE COURT: Again any threats or pressure put on you to plead guilty to Count One and Count Two?
> DEFENDANT LEWIS: No Your Honor.
> THE COURT: The Court finds that Mr. Lewis' pleas is knowingly freely and voluntarily made. The elements of the offense of felon in possession of a firearm under Count One and Count Two of the Information have been made out by statements here in open court. The guilty plea is accepted . . .

(*Id.* at 12-13 & 16-17).

Defendant is represented by appointed counsel. Nevertheless, Defendant filed a *pro se* motion on April 30, 2013, seeking to withdraw his guilty plea.

Defendant's *pro se* Motion to Withdraw Guilty Plea asserts that Defendant "was instructed on behalf of court-appointed counsel" "to waive his constitutional right to indictment and enter a guilty plea" to Counts One and Two of the Information. (Def.'s Motion at 2). Defendant asserts that the Court should allow him to withdraw his guilty plea "on the grounds of ineffective assistance of counsel and that ATF Agents exceeded its regulatory authority by law." (*Id.*). Defendant's motion asserts that "he was induced by counsel to take a plea of guilty prior to a formal charge being imposed against him by way of indictment. He was induced to unintelligently wave [sic] his constitutional right to have a formal indictment proceeding in this matter without fully understanding the nature of the complaint lodged against him." (*Id.* at 3).

The Government opposes Defendant's Motion to Withdraw Guilty Plea and filed a brief in opposition to it on May 10, 2013.

The Court heard the motion on May 17, 2013. At that time, Defendant's counsel argued in support of the motion and Defendant was provided an opportunity to speak. The Government continued to oppose the motion.

3

ANALYSIS

Rule 11(d) of the Federal Rules of Criminal Procedure governs withdrawal of guilty pleas and provides:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>     (1) before the court accepts the plea, for any reason or no reason; or
>     (2) after the court accepts the plea, but before it imposes sentence if:
>         (A) the court rejects a plea agreement under Rule 11(c)(5); or
>         (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d). "This rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *Id*.

Here, Defendant pleaded guilty to Counts One and Two of the Information on March 1, 2013. At that time, the Court accepted the guilty plea but took the Rule 11 Agreement under advisement. Because the Court accepted the guilty plea, and has not rejected the Rule 11 Agreement, Defendant may withdraw his guilty plea before the Court imposes sentence only if he "can show a fair and just reason for requesting the withdrawal."

"The permission to withdraw a guilty plea prior to sentencing is a matter within the broad discretion of the district court," and is reviewed on appeal for abuse of discretion. *United States v. Valdez,* 362 F.3d 903, 912 (6th Cir. 2004). District courts within the Sixth Circuit are to

consider a number of factors to determine whether a defendant has met his burden of proving that the withdrawal of his guilty plea is for a fair and just reason, including: 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Ellis*, 470 F.3d at 281. These factors are a general, non-exclusive list and no one factor is controlling. *Id.*

After consideration of these factors, this Court concludes that Defendant has not established a fair and just reason to withdraw his guilty plea and the Court shall therefore deny his motion.

One factor that the Court is to consider "is the length of time between the entry of the guilty plea and the filing of the motion to withdraw it." *United States v. Spencer*, 836 F.3d 236, 239 (6th Cir. 1987). A second but related factor "for district courts to consider is why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings." *Id*. at 239.

Here, Defendant did not promptly file his motion seeking to withdraw his guilty plea. Defendant waited eight weeks before filing his motion. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice

5

in pleading guilty." *Id*. And Defendant has not offered any reason or explanation for his delay in seeking to withdraw his guilty plea. These two factors therefore weigh against allowing Defendant to withdraw his plea. *See United States v. Spencer*, 836 F.2d at 239 (delay of five weeks supported denial of motion to withdraw guilty plea); *United States v. Mise*, 27 Fed. App'x 408, 413 (6th Cir. 2001) (delay of eighty-one days supported denial of motion to withdraw guilty plea).

Next, the Court considers whether Defendant has asserted or maintained his innocence. *United States v. Spencer*, 836 F.2d at 239. This factor also weighs against allowing Defendant to withdraw his guilty plea because Defendant has not asserted, at any time during this action, that he is innocent of the charges.

The circumstances underlying the entry of the guilty plea also weigh against allowing Defendant to withdraw his guilty plea. This Court engaged in an extensive colloquy with Defendant before accepting his guilty plea and Defendant repeatedly confirmed that he understood the charges against him, understood the factual basis for his plea, understood the terms of the Rule 11 Agreement, was satisfied with his representation by his counsel, and had no questions for his counsel about his case. Defendant also stated, under oath and on the record, that no one had coerced him to plead guilty and that he was pleading guilty freely and voluntarily because he is guilty and because it was his choice to plead guilty.

Finally, Defendant's prior experience with the criminal justice system also weighs against allowing Defendant to withdraw his guilty plea.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Withdraw

6

Guilty Plea is DENIED.

       IT IS SO ORDERED.

                                       S/Sean F. Cox
                                       Sean F. Cox
                                       United States District Judge

Dated: May 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2013, by electronic and/or ordinary mail.

                                       S/Jennifer McCoy
                                       Case Manager